**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **RICKY L. MADISON,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | |
| **v.** | : | _____ |
| | : | |
| **GREATER GEORGIA LIFE** | : | |
| **INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## COMPLAINT

COMES NOW, Ricky L. Madison, the Plaintiff in the above-styled action, and files this Complaint against the Defendant, Greater Georgia Life Insurance Company (hereinafter "Defendant" or "GGLIC"), showing the Court as follows:

## JURISDICTION AND PARTIES

### 1.

The Plaintiff files this action pursuant to Employee Retirement Income Security Act of 1974 ("ERISA"), and specifically 29 U.S.C. §1132(a), to recover disability income benefits payable under an employee welfare benefit plan (the

"LTD plan") established by his former employer, Mansfield Oil Company of Gainesville, Inc., and to enforce his rights under that LTD plan and to clarify his right to receive future benefits under that LTD plan.

2.

The LTD plan in question is an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. §1002(1).

3.

This Court has subject matter jurisdiction over these claims pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.

4.

The LTD plan is funded and all benefits are paid through an insurance policy (the "Policy") that was issue and underwritten by the Defendant, GGLIC; and therefore, GGLIC is the proper defendant in this action.

5.

This Court has personal jurisdiction over the Defendant and venue is proper in this Court under 29 U.S.C. §1132(e)(2).  The Plaintiff resides in this district and the alleged breaches of the LTD plan occurred within this district.

6.

The Defendant, GGLIC, is a foreign corporation registered with the Georgia Secretary of State's office to conduct business within this state and is subject to the personal jurisdiction and venue of this Court.  GGLIC may be served with process in this action through its registered agent, CT Corporation System, at 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

## THE LTD POLICY

7.

 Terms and provisions of the LTD plan are set forth in the Policy that was written by the Defendant or its parent company.

8.

The Policy provides for payment of long term disability income benefits to eligible plan participants who become "Disabled."

9.

The Policy provides:

"Disability" and "disabled" mean during the Elimination Period and the next 24 months because of Your Injury or Illness, all of the following are true:
- You are unable to do the Material and Substantial Duties of Your Own Occupation; and

- You are receiving Regular Care from a Physician for that Injury or Illness; and
- Your Disability Work Earnings, if any, are less than or equal to 80% of Your Indexed Monthly Earnings.

Thereafter, Disabled and Disability mean because of Your Injury or Illness all of the following are true:

- You are unable to do the duties of any Gainful Occupation for which You are or may become reasonably qualified by education, training, or experience; and
- You are receiving Regular Care from a Physician for that Injury or Illness; and
- Your Disability Work Earnings, if any, are less than or equal to 60% of Your Indexed Monthly Earnings.

10.

The policy contains a 90 day "elimination period" during which a participant

must be disabled before LTD benefits become payable.

11.

At the time this claim arose, the Plaintiff was employed by Mansfield Oil

Company of Gainesville, Inc. and was a participant who was covered under the

LTD plan and the Policy.

<u>CONFLICT OF INTEREST</u>

12.

GGLIC is a wholly-owned subsidiary of Blue Cross and Blue Shield of

Georgia, Inc., which is a wholly-owned subsidiary of Anthem Holding Corporation

("Anthem"), which is a wholly-owned subsidiary of Wellpoint, Inc. ("Wellpoint").

13.

Upon information and belief, employees of either Wellpoint or Anthem, assumed responsibility for reviewing this claim and determining the Plaintiff's eligibility to receive benefits under the LTD pan and Policy.

14.

Benefits under the Policy are paid either from GGLIC's assets or from the assets of its parent company.

15.

At all times relevant hereto, GGLIC, Wellpoint and Anthem operated under a financial conflict of interest while evaluating the Plaintiff's claims under the Policy. The decision to deny the Plaintiff's claim was influenced by that conflict of interest.

BACKGROUND FACTS AND CLAIM HISTORY

16.

The Plaintiff was employed by Mansfield Oil Company of Gainesville, Inc. as a tanker truck driver.

17.

The Plaintiff's occupation is physically strenuous and requires him to lift and move objects weighing more than 50 lbs. and also involves physical activities such as kneeling, crouching, stooping, climbing and standing.

18.

On or about August 22, 2015, the Plaintiff stopped working due to symptoms and impairments in his left knee. His diagnoses included derangement of the left knee with loose bodies, a meniscal tear, and chondromalacia.

19.

As a result of his knee conditions, the Plaintiff has been incapable of performing the material and substantial duties of his occupation and has continuously met the Policy's definition of "Disabled" and "Disability" since he stopped working.

20.

The Plaintiff submitted a claim for benefits under the Policy that was initially approved. After accrual of the 90 day "elimination period" specified in the Policy, GGLIC paid the Plaintiff LTD benefits for the period beginning on or about May 28, 2014, and continued to pay benefits until December 14, 2014, at

which time Wellpoint or Anthem asserted that the Plaintiff no longer met the Policy's definition of Disability.

21.

The Plaintiff submitted an appeal of that decision with supporting documentation to GGLIC as required by the Policy.  That appeal was denied.

22.

GGLIC provided the Plaintiff an opportunity to submit a second level appeal with new medical evidence.  The Plaintiff submitted that appeal on August 21, 2015.

23.

Included with the documentation the Plaintiff submitted to GGLIC were the report of a clinically validated functional capacity evaluation ("FCE"), the radiology report for a new MRI of the left knee, a letter from the Plaintiff's treating physician, and additional medical records, among other documents.  These records contained objective evidence demonstrating that the Plaintiff continued to have physical impairments related to his left knee that have prevented him from performing material and substantial duties of his occupation.

24.

Wellpoint or Anthem then arranged for a medical review of the Plaintiff's documentation through Reliable Review Services ("RRS"), which is a company that Wellpoint regularly uses for such reviews.  RRS obtained a report that was signed by an orthopedic surgeon, William Andrews, M.D., that purportedly concludes that "there is no clinically relevant medical evidence to support the claimant's self-reported complaints or to justify any work restrictions from 12/16/14 – present."

25.

In that report, Dr. Andrews summarizes the medical evidence that he considered in forming his opinions.

26.

None of the medical documentation the Plaintiff submitted with her appeal, including her FCE report, is referenced in Dr. Andrews' summary of records he considered.

27.

Either the Plaintiff's supporting medical evidence, including the FCE report, was not provided to Dr. Andrews for his consideration or Dr. Andrews failed to evaluate or consider that evidence.

28.

Dr. Andrews' report also shows that he selectively reviewed, considered and cited other medical evidence and failed to consider or credit the Plaintiff's clinical evidence showing impairments.

29.

Dr. Andrews' analysis and opinions were unreasonable and arbitrary.

30.

Wellpoint or Anthem denied the Plaintiff's appeal and cited Dr. Andrews' report as the basis for that decision.

31.

The Plaintiff has exhausted her administrative remedies and is entitled to bring this action to enforce her rights under the LTD Plan and Policy.

## COUNT ONE – CLAIM UNDER 29 U.S.C. §1132(a)(1)(B)

32.

The Plaintiff re-alleges each and every allegation contained in the previous paragraphs of this Complaint as if set forth verbatim herein.

33.

The decision to deny the Plaintiff's claim for benefits under the Policy was

wrong, unreasonable, arbitrary, capricious and contrary to the express terms of the Policy.

34.

The decision to deny the Plaintiff's claim under the Policy was influenced by the Defendants' and its present companies' financial conflict of interest.

35.

The Plaintiff is entitled to recover long term disability benefits under the Policy from December 15, 2014 through the date of judgment and is entitled to continue to receive such benefits for as long as he remains "Disabled" as defined in the Policy.

36.

The Plaintiff is entitled to recover pre-judgment interest on all benefits that accrue under the Policy.

## COUNT TWO – ATTORNEYS' FEES

37.

The Plaintiff hereby re-alleges each and every allegation contained in the previous paragraphs of this Complaint as if set forth verbatim herein.

38.

The Plaintiff has retained counsel to represent him in this matter and is entitled to an award of his costs and attorneys' fees, pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

WHEREFORE, Ricky L. Madison, the Plaintiff, prays for relief as follows:

(a)     That the Plaintiff be award benefits under the Policy;

(b)     That the Plaintiff be awarded prejudgment interest on those benefits;

(c)     That the Plaintiff be awarded his attorneys' fees and costs of this action; and

(d)     That the Court order such equitable relief to the Plaintiff as may be appropriate.

Respectfully submitted this 29th day of September, 2015.

EVANS, SCHOLZ, WILLIAMS & WARNCKE, LLC

By:     /s/ Douglas M. Robinson
        Douglas M. Robinson, Of Counsel
        Georgia Bar No. 610100
        Attorney for Plaintiff

3490 Piedmont Road, N.E.
Suite 1200
Atlanta, Georgia  30305
Telephone: (404) 841-9400
Facsimile: (404) 869-0238
drobinson@esww-law.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RICKY L. MADISON,                **:**
                               **:**
      **Plaintiff,**           **:** CIVIL ACTION FILE NO.
                               **:**
**v.**                         **:** _____
                               **:**
**GREATER GEORGIA LIFE**     **:**
**INSURANCE COMPANY,**       **:**
                               **:**
      **Defendant.**         **:**
_____ **:**

## <u>CERTIFICATE OF TYPE SIZE COMPLIANCE</u>

Pursuant to Local Rule 5.1C, N.D. Ga. and Standing Order No. 04-01, the foregoing pleading is prepared in Times New Roman, 14 point.

This 29th day of September, 2015.

                               /s/ *Douglas M. Robinson*
                               Douglas M. Robinson
                               Georgia Bar No. 610100
                               Attorney for Plaintiff